MORRIS GOLDMAN *vs.* JAMES W. QUINN, *C. T.*
BENJAMIN STEIN *vs.* SAME.
JOSEPH BARAM *et al. vs.* SAME.

APRIL 16, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.  These are three separate actions of trespass brought against the defendant, as city treasurer of the city of Woonsocket, by the plaintiffs for injuries to their property as the result of an alleged riot in that city in the early morning of September 13, 1934.

These actions were brought under the provisions of general laws 1923, chapter 396, sec. 10, which reads as follows:

"Whenever any property of the value of fifty dollars or more shall be destroyed or be injured to that amount by any persons to the number of six or more unlawfully routously, riotously or tumultuously assembled, the town or city within which said property was situated shall be liable to indemnify the owner thereof to the amount of three-fourths of the value of the property so destroyed or three-fourths of the amount of such injury thereto, to be recovered in an action of the case in any court proper to try the same, provided the owner of such property shall use all reasonable diligence to prevent its destruction or injury by such unlawful assembly and to procure the conviction of the offenders."

To the declaration in each action the defendant filed a separate demurrer, setting out the same cause of demurrer, namely, that said sec. 10 is in violation of article XIV, section 1 of the constitution of the United States and therefore unconstitutional and void. In conformity with G. L. 1923, chap. 348, sec. 1 these cases were forthwith certified to this court for determination of such constitutional question.

These plaintiffs, according to their declarations, are merchants engaged in selling merchandise at retail in Woonsocket and conduct stores or shops of merchandise on Social street in that city. They allege further in their declarations that, on the morning of September 13, 1934, certain persons to the number of six or more did unlawfully, routously, riotously and tumultuously assemble and did destroy and injure their property. The allegation of damage in each declaration exceeds the sum of fifty dollars.

In support of its demurrers, the defendant contends that sec. 10 is "class legislation, which does not treat all members of the same class alike", and that it unreasonably and unfairly differentiates between persons who are damaged in their property fifty dollars or more and those who are damaged less than fifty dollars. In other words, he argues that the statute sets up a wholly arbitrary classification and thus contravenes that portion of art. XIV, sec. 1 of the federal

constitution which declares that: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

The plaintiffs reply that the classification set out in the statute is reasonable and proper and that it is not class legislation of the character which has been held to offend the above-quoted provisions of the fourteenth amendment. But they go further and say that the defendant cannot raise the issue of constitutionality of sec. 10 because, if it is discriminatory, he, as the representative of the city of Woonsocket, does not suffer by such discrimination and, therefore, the city is not affected by the alleged unconstitutional nature of the statute.

We are clearly of the opinion that this latter contention is correct and that it is not necessary, therefore, to pass upon the constitutional question raised by the defendant. The law is well settled that "no one can take advantage of the unconstitutionality of an act, who has no interest in, and is not affected by it." *State* v. *Snow,* 3 R. I. 64, at page 75; *State* v. *Heffernan,* 40 R. I. 121. The supreme court of the United States has expressed it this way, in *Southern Ry. Co.* v. *King,* 217 U. S. 524, at page 534: " . . . one who would strike down a state statute as violative of the Federal Constitution must bring himself by proper averments and showing within the class as to whom the act thus attacked is unconstitutional. He must show that the alleged unconstitutional feature of the law injures him, and so operates as to deprive him of rights protected by the Federal Constitution."

What rights of the city of Woonsocket protected by art. XIV of the federal constitution are violated by sec. 10? How is the city of Woonsocket injured by the alleged unconstitutional classification contained in sec. 10? It is clear to our

minds that both of these questions should be answered adversely to the defendant.

The city of Woonsocket is a convenient political subdivision of the state, as are the other municipalities of the state. To it is delegated the power and duty to preserve order and enforce the law within its corporate limits. This is a governmental power of the state and, at common law, neither the state nor the city is liable in the exercise of that power for injuries to property caused by mobs or riotous assemblages.

In this state, however, by virtue of sec. 10, the common law has been modified in favor of any person whose property has been thus destroyed or injured, subject to certain limitations stated in that section. By the exercise of its sovereign power, the state has seen fit to confer a privilege on such a person and to permit its municipalities to be sued and to require them to respond in damages for injuries caused to property beyond a certain value. What it thus freely gives, it may as freely take away, or it may enlarge the privilege or restrict it further.

The city of Woonsocket cannot complain in this instance, as this statute, by virtue of the classification objected to, inflicts upon the city no injury but confers a favor. Its freedom from liability for injury to property even from riotous assemblages is preserved, at least in those cases where the value of the property injured or destroyed is less than fifty dollars.

The defendant has cited many authorities in support of his contention that sec. 10 is unconstitutional. We have not referred to them here, because they are not in point on the issue which we hold is decisive of the matter before us in the cases here. He has sought to raise in these cases a constitutional question which, if it is available to anyone at all, is available only to those persons who, by reason of the alleged riot of September 13, 1934, suffered an injury to their property in less than the amount of fifty dollars, and who are excluded from the benefits of sec. 10 by its terms.

For the reasons above stated, we are of the opinion that the defendant cannot raise the question which he has attempted to raise by his demurrers.

Each case is therefore remitted to the superior court for further proceedings.

*John J. Mee*, for plaintiffs.

*Morris E. Yaraus*, for defendant.